In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Executor of and Trustee under the Will of ROBERT L. KANE, Deceased.

Surrogate's Court, Nassau County, June 9, 1943.

*Arthur W. Graef* for Chase National Bank of the City of New York, as executor and trustee.

*George B. Powers,* special guardian for Donna Whiteside, an infant.

HOWELL, S. The testator left all his property in trust to pay the net income, except that from his dwelling in Awosting, N. J., to his wife for life and thereafter to his daughter for life, remainder to his grandchild. As to his dwelling at Awosting, N. J., he directed the trustee to permit his wife to occupy the same " at the nominal rental of one dollar per year " during her lifetime or for such period or periods as she should choose, but, if she would rather receive the net income than occupy it, he conferred upon her the right to direct the trustee to rent it and pay her the net income thereof for her life or until the property should be sold.

The premises had been purchased by the decedent in 1920 and owned by him ever since, he paying the taxes and carrying charges thereon out of his own funds up to the time of his death. The executor and trustee prays for a construction of the will to determine whether the carrying charges of the New Jersey dwelling being occupied by the widow under the terms of the will at the nominal rental of one dollar per year should be paid out of income or principal. The executor and trustee urges that they should be paid out of principal and the special guardian concurs. In support of that contention is cited the case of *Matter of Guggenheimer* (168 Misc. 1), in which the facts were strikingly similar to those in a case recently considered by this court (*Matter of the Estate of Jaeck,* dated June

8, 1943, unreported) in which this court reached the conclusion that carrying charges should be paid out of principal.

Reading the will now under consideration in connection with the circumstances concerning the property known to the testator when he made the will, I reach the conclusion that his intention was to benefit his wife by permitting her to occupy the New Jersey dwelling at her election free of charge except for the nominal " one dollar per year ", and that therefore the carrying charges of that property are properly payable out of principal.

Submit decree on notice.